IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XAYAPHONE THONGTHEPSOMPHOU, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LEONARD ODDO, *Facility Administrator* )<br>and TODD LYONS, *Acting Director* )<br>*Immigration and Customs Enforcement,* )<br>)<br>Respondents. | Civil Action No. 3:25-cv-240<br>Judge Stephanie L. Haines<br>Magistrate Judge Christopher B. Brown |

## **MEMORANDUM ORDER**

Xayaphone Thongthepsomphou ("Petitioner") is an individual who was born in Laos and was admitted to the United States as a refugee in 1986. He was granted permanent residency in the same year. After two criminal convictions, one in California in 1995, and one in North Carolina in 2017, he was given a final order of removal on June 8, 2017. On May 13, 2025, he was detained by the Department of Homeland Security and had been in the custody of Immigration and Customs Enforcement ("ICE"), at the Moshannon Valley Processing Center since that time.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on August 5, 2025, (ECF No. 1), and a Motion for Temporary Restraining Order ("TRO") on the same day (ECF No. 4). The TRO was denied because Petitioner failed to show any immediate loss or injury before Respondents could be heard in opposition. (ECF No. 5). On August 18, 2025, the Court ordered expedited service of the Petition (ECF No. 6). Leonard Oddo and Todd Lyons ("Respondents") were to respond to the Habeas Petition within seven days of the Order (ECF No. 6).

On August 25, 2025, David Lew, of the Unites States Attorney's Office entered his appearance on behalf of the Respondents (ECF No. 7). In a Notice of Suggestion of Mootness

1

(ECF No. 8), Respondents informed the Court that they were advised by ICE that Petitioner had been removed from the United States on August 17, 2025.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's removal, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 5th day of September, 2025, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and Petitioner's Motion to Appoint Counsel (ECF No. 2) hereby are DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge